IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CESAR OCTAVIO LOPEZ-MARTINEZ,

Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the United States Department of Homeland Security; TODD BLANCHE, in his official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in his official capacity as Acting Field Office Director, St. Paul Field Office, United States Immigration and Customs Enforcement; and JEROME KRAMER, in his official capacity as Sheriff of Lincoln County Detention Center,[1]

Respondents.

**4:26CV3210**

**ORDER TO SHOW CAUSE**

This matter is before the Court on petitioner Cesar Octavio Lopez-Martinez's ("Lopez-Martinez") Verified Petition for Writ of Habeas Corpus (Filing No. 1) and Motion for Order to Show Cause (Filing No. 8). *See* 28 U.S.C. §§ 2241, 2243. Lopez-Martinez reports that he "is a native and citizen of Mexico who was lawfully admitted to the United States in 2002 and has lived here continuously for approximately twenty-four years."

The Notice to Appear he received from the United States Department of Homeland Security (Filing No. 1-1) indicates that he was "admitted to the United States . . . as a

[1]Todd Blanche was sworn in as the United States Attorney General on August 10, 2026. The Clerk of Court is directed to update his title on the docket sheet. David Venturella should also be substituted for Todd Lyons as Acting Director of the United States Immigration and Customs Enforcement. *See* Fed. R. Civ. P. 25(d).

nonimmigrant B1 tourist" but remained in the United States without authorization after his visa expired. He is charged as being subject to removal under 8 U.S.C. § 1227(a)(1)(B).

Lopez-Martinez alleges he is being unlawfully detained by the United States Immigration and Customs Enforcement "at the Lincoln County Detention Center in North Platte, Nebraska." He identifies respondent Jerome Kramer ("Kramer"), Sheriff of Lincoln County, as his "immediate physical custodian." Kramer's counsel entered an appearance in this case (Filing No. 3) shortly after Lopez-Martinez filed his petition. The remaining respondents are all federal officers. Lopez-Martinez avers each of them has been served (Filing No. 7), but none have yet entered an appearance.

According to Lopez-Martinez, he was arrested in North Dakota on June 18, 2026, and transferred to United States Customs and Border Protection custody where he has been detained ever since without being "afforded an individualized bond hearing before an immigration judge" pursuant to 8 U.S.C. § 1226(a). He asks the Court to order the respondents to promptly show cause why his petition should not be granted. *See* 28 U.S.C. § 2243.

Under § 2243, the Court should "forthwith award" Lopez-Martinez's requested writ or order "the respondent to show cause why the writ should not be granted, unless it appears from the application that [Lopez-Martinez] is not entitled" to relief. Section 2243 further requires that the show-cause order (1) "be directed to the person having custody of the person detained" and (2) "be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

On initial review, the Court is unable to say that Lopez-Martinez is not entitled to relief. Accordingly, the Court will order Kramer to respond to Lopez-Martinez's petition and certify "the true cause of the detention." 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (noting that "in habeas challenges to present physical confinement,"

"the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").

Though Lopez-Martinez understandably asks for speed, the Court finds good cause to give Kramer more than three days to respond, given the complexity of the issues raised in the petition. *See* 28 U.S.C. § 2243. The Court further finds that the important federal questions in this case warrant notice to the United States Attorney for the District of Nebraska to give her every opportunity to represent the federal respondents' interests in this matter.

For the foregoing reasons,

IT IS ORDERED:

1. Petitioner Cesar Octavio Lopez-Martinez's Motion for an Order to Show Cause (Filing No. 8) is granted.
2. On or before September 2, 2026, respondent Jerome Kramer, Sheriff of Lincoln County, must show cause why Lopez-Martinez's Verified Petition for Writ of Habeas Corpus (Filing No. 1) should not be granted.
3. Lopez-Martinez shall then have seven days from the date of the response to file a reply.
4. When the matter is fully briefed, the Court will determine whether to hold a hearing.
5. The Clerk of the Court is directed to provide a copy of this Order to Show Cause to the United States Attorney for the District of Nebraska.

Dated this 26th day of August 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge