IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CESAR OCTAVIO LOPEZ-MARTINEZ,

Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the United States Department of Homeland Security; TODD BLANCHE, in his official capacity as Attorney General of the United States; DAVID VENTURELLA, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in his official capacity as Acting Field Office Director, St. Paul Field Office, United States Immigration and Customs Enforcement; and JEROME KRAMER, in his official capacity as Sheriff of Lincoln County Detention Center,

Respondents.

**4:26CV3210**

**ORDER**

This matter is back before the Court on petitioner Cesar Octavio Lopez-Martinez's ("Lopez-Martinez") Verified Petition for Writ of Habeas Corpus (Filing No. 1). *See* 28 U.S.C. §§ 2241, 2243. Lopez-Martinez "is a native and citizen of Mexico who was lawfully admitted to the United States in 2002 and has lived here continuously for approximately twenty-four years." He alleges he is being unlawfully detained at the Lincoln County Detention Center in North Platte, Nebraska. He asks the Court to order his immediate release or at least "a constitutionally adequate bond hearing before a neutral immigration judge."

On October 7, 2026, the Court ordered the federal respondents to show cause why Lopez-Martinez's petition should not be granted. In response, they report that Lopez-

Martinez "is lawfully detained under 8 U.S.C. § 1226(a) and placed in removal proceedings as a visa overstay." The federal respondents concede that Lopez-Martinez is entitled to a bond hearing under § 1226(a) but contend his petition should be dismissed because he "fails to establish his temporary detention is unlawful."

Lopez-Martinez disagrees (Filing No. 17). He states that he "requested a bond hearing on June 19, 2026" but has not been given one, "which renders his detention unlawful under 8 U.S.C. § 1226(a), and is a violation of his rights under the Due Process Clause."

In light of Lopez-Martinez's circumstances and the federal respondents' concession, the Court finds Lopez-Martinez is entitled to some—but not all—of his requested relief. He is entitled to hearing but not to his immediate release. Accordingly,

IT IS ORDERED:

1. Petitioner Cesar Octavio Lopez-Martinez's Verified Petition for Writ of Habeas Corpus (Filing No. 1) is granted in part and denied in part.
2. The federal respondents shall provide Lopez-Martinez with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations on or before November 2, 2026.
3. No later than November 5, 2026, the federal respondents shall provide the Court with an update regarding the bond hearing and Lopez-Martinez's detention status.

Dated this 22nd day of October 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge